Bates *v.* Ward.

SETH R. BATES *versus* ALTHEA WARD, *Adm'x.*

If, pending an action in Court, the defendant dies, and commissioners of insolvency on his estate are appointed by the Judge of Probate, and the claim in suit is, by the creditor, presented to them and their adjudication upon it had, from which he appeals, he cannot prosecute his appeal by amending his writ in the action pending, but must commence a new suit, declaring for money had and received, as the statute provides.

Nor is the case altered, by the fact that the estate proves to be solvent.

The adjudication and report of the commissioners having been accepted by the Probate Court, will bar the plaintiff from recovering in such pending suit; and the administrator will have costs from the time of his appearance to defend.

REPORTED from *Nisi Prius*, by APPLETON, J.

ASSUMPSIT on a contract for building a barn, for $125. All the material facts are stated in the opinion of the Court.

The case was argued by

*A. W. Paine*, for the plaintiff, and by

*F. E. Shaw*, for the defendant.

The opinion of the Court was drawn up by

KENT, J.—This suit, by the plaintiff against Ariel Ward, the intestate, was pending in Court at the time of his death. His estate was represented as insolvent, and commissioners were appointed. The plaintiff presented his claim to them. It was adjudged by the commissioners that a small part only of the claim was due. The plaintiff, after the acceptance of the report, appealed, by giving the notice required by the statute, but did not commence any new action, but the original action having remained on the docket of this Court, he resorted to it, and afterwards summoned in the administratrix, who appeared, and, at the first term thereafter, pleaded the above facts in bar of the further prosecution of this action.

The principal question is, what was the effect of the action by plaintiff, and the proceedings before the commissioners, on this suit.

It is provided, in c. 66, § 17, R. S., that " actions' pending, when a representation of insolvency is made, may be discontinued without costs; *or* continued, tried, and judgment rendered, with the effect, and satisfied in manner provided in case of appeal."

It is provided in the previous sections of this chapter, that a party dissatisfied with the decision of the commissioners, may appeal within twenty days after the report is made, and that, when an appeal is taken, the claim is to be determined in an action for money had and received, commenced in three months, or at next term. The plaintiff is to file with the clerk of this Court, or annex to his writ, a schedule of his claims, and the administrator is to file an abstract of all demands of the deceased against the claimant, and judgment is to be rendered for either party, for the balance ascertained at the trial. No execution for the debt is to be issued against the administrators, but the sum found due to claimant, is to be entered by the Judge of Probate on the list of contingent debts, entitled to dividends.

Where a creditor has a suit pending at the time of the death of the intestate, he can have his claim ascertained and determined in either of the two ways, as he may prefer. He may at once discontinue his suit without cost, and present his claim, without reference to the suit, before the commissioners, where he will have a right to appeal. Or he may retain his suit in Court and have the amount there determined by the jury, in which case no execution can issue; but the amount is to be certified to the Judge of Probate; to be entered on the list of contingent claims entitled to a dividend. In other words, "it is to be tried and judgment rendered with like effect and satisfied in the manner provided in case of appeal."

But he cannot have both remedies. If the case has been contested or has been pending a long time in Court and the costs are large, it might be unreasonable to require the plaintiff to discontinue without cost. The law, therefore, permits him to stand in Court on his original action, as he

Bates *v.* Ward.

would stand in case of an appeal entered. If he prefers to have the adjudication of another tribunal, he may discontinue his suit in Court and resort to the new tribunal, and, if not satisfied with the determination, may appeal and bring a new suit for money had and received, and, in that new suit, have all demands between the parties adjusted.

We think, that, by the presentation of his claim to the commissioners, he elects that tribunal, and that this proceeding necessarily discontinues his suit. It is like the case of a reference of the claim in suit to arbitrators at common law, or to referees under the statute. It has been decided that such submission operates as a discontinuance of the pending suit. *Crooker* v. *Buck*, 41 Maine, 355 ; *Mooers* v. *Allen*, 35 Maine, 276. The commissioners of insolvency are substituted for the Court, as referees or arbitrators are in the cases submitted to them. They constitute a special tribunal to receive and examine claims against the estate and to adjudicate upon them, with power to administer oaths and examine witnesses, as Courts of record do. An appeal is allowed from their decision. An adjudication by the commissioners is final and binding on both parties, unless appealed from and unless the appeal is prosecuted according to the requirements of the statute.

The common law remedy is taken away, except in the case of an action pending, and, to the extent before stated. This result follows, although the estate should prove to be solvent. *Paine* v. *Nichols*, 15 Mass., 264 ; *Todd* v. *Darling*, 11 Maine, 34 ; *Johnson* v. *Ames*, 6 Pick., 330 ; *Hodges* v. *Thacher*, 23 Vt., 455 ; *Burlingame* v. *Brown*, 5 R. I., 410.

The plaintiff insists that all claims *must be* submitted to the commissioners, and that a party cannot avail himself of his right to have a pending action continued and tried, unless he also presents his claim to the commissioners, and that, if they decide against him, he can give notice of his appeal and fall back on the original suit, which is to be tried as in effect the new action for 'money had and received required by the statute.

It is, undoubtedly, true, that in all cases where insolvency is pleaded or suggested, the claim named in the pending action must be brought within the knowledge and action of the Probate Court, and must be entered by the Judge on the list of contingent claims. But this may be done where the action is continued and tried in Court, under the 17th section, by a proper certificate from this Court, (as in case of appeal,) without any action of the commissioners. It is clear that the Legislature did not intend, by the general language of the first section of this chapter, giving authority to the commissioners to receive and decide upon all claims against the estate, to include the cases where a different tribunal is clothed with that power. The subsequent language controls and limits the generality of that first used.

At first view, in one aspect of the matter, it may seem that justice may be done and the rights of the parties secured, by allowing this resort to the pending action. But there are difficulties in thus attempting to adapt such a case to the requirements of the statute, in relation to appeals. This contemplates a new action—in a particular form of declaration—money had and received. The plaintiff is to annex or file a schedule of claims. The administrator is to file, in set-off, all claims of the estate, of whatever nature, and the judgment is to be for the balance. Costs are to be allowed to the prevailing party. The plaintiff, although he might recover, yet his damages might be no more than the decision of the commissioners gave him, and, in that case, the administrator would be the prevailing party in the new suit. If the statute had not so clearly required the prosecution of the appeal, by a new suit, it still would have required very special changes, and amendments, and restrictions, to fit the pending action to stand as an appeal from the Probate Court. We are satisfied that the appeal can only be perfected by a new suit. *Action dismissed;—*

*Cost for defendant, the Administratrix, since entry of her appearance.*

TENNEY, C. J., RICE, APPLETON, CUTTING and MAY, JJ., concurred.